**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| SKY SCHELLE | ) | CASE NO. |
| 120 North Kensington Place | ) | |
| Springfield, OH 45504 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CITY OF PIQUA | ) | |
| 210 W. Water Street | ) | **JURY DEMAND ENDORSED** |
| Piqua, OH 45356 | ) | **HEREIN** |
| | ) | |
| and, | ) | |
| | ) | |
| KEVIN KRENJY | ) | |
| 210 W. Water Street | ) | |
| Piqua, OH 45356 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| PAUL OBERDORFER | ) | |
| 210 W. Water Street | ) | |
| Piqua, OH 45356 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Sky Schelle, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

**PARTIES**

1. Schelle is a resident of the city of Springfield, Clark County, Ohio.

2. Defendant City of Piqua is a city within the state of Ohio.

3. Defendant Kevin Krenjy, upon information and belief, is a resident of the state of Ohio.

4. Defendant Paul Oberdorfer, upon information and belief, is a resident of the state of Ohio.

5. The relevant location the events and omissions of this Complaint took place was 210 W. Water Street, Piqua, Ohio.

6. Defendant City of Piqua ("Piqua") is, and was at all times hereinafter mentioned, Schelle's employer within the meaning of The Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e, and R.C. § 4112 et seq.

7. Within 300 days of the adverse employment actions described herein, Schelle dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2022-02045 ("EEOC Charge") and the Ohio Civil Rights Commission ("OCRC"), Charge No. DAY76(30180)02142022 ("OCRC Charge").

8. On January 24, 2023, the EEOC issued and mailed a Notice of Right to Sue letter to Schelle regarding the EEOC Charge.

9. Schelle received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. On September 29, 2022, the OCRC issued and mailed a Notice of Right to Sue letter to Schelle regarding the OCRC Charge.

11. Schelle received the Notice of Right to Sue letter from the OCRC in accordance with R.C. § 4112, which has been attached hereto as Plaintiff's Exhibit 2.

12. Schelle has filed this Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights.

13. Within two years of the adverse employment actions described herein, Schelle also filed Charges of Discrimination with the OCRC against Kevin Krenjy and Paul Oberdorfer.

14. The OCRC Charges against Krenjy and Oberdorfer are currently pending before the OCRC and Schelle intends to amend this Complaint to include claims of discrimination and retaliation under R.C. § 4112 against Krenjy and Oberdorfer.

15. Schelle is in the process of exhausting all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

16. All of the material events alleged in this Complaint occurred in or around Miami County, Ohio.

17. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and/or (3).

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging a federal law claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e.

19. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

21. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

22. Schelle is a former employee of City of Piqua.

23. At all times noted herein, Schelle was qualified for his position(s) at City of Piqua.

24. At all times noted herein, Schelle could fully perform the duties of his position(s) with City of Piqua.

25. Schelle worked for City of Piqua as a Storm Water Program Manager from February 2017 until the City of Piqua unlawfully terminated Schelle on December 31, 2021.

26. Schelle was a good employee with no significant disciplinary record and a history of good performance.

27. On September 29, 2021, Schelle attended a budget meeting with Kevin Krenjy, Utility Director, and three other Piqua employees.

28. During the meeting, Krenjy made several inappropriate sexual comments about a new hire, Kenton Kiser.

29. Schelle informed Krenjy that the comments were not comical.

30. On September 30, 2021, Schelle reported the sexually harassing comments to Kathryn Bogan, Human Resources Manager.

31. Schelle provided a written statement later that afternoon.

32. Paul Oberdorfer, City Manager, was notified of the complaint the same day.

33. An investigation was opened into Schelle's complaint.

34. On October 5, 2021, the investigation into Schelle's complaint was closed by Piqua.

35. Following Schelle's report of sexual harassment, Krenjy rescinded Schelle's invitation to attend long-term budgeting and planning meetings in October 2021.

36. Krenjy also required Schelle to carbon copy Krenjy on all of Schelle's emails to individuals outside the organization.

37. Upon information and belief, no other employees were required to carbon copy Krenjy on emails to individuals outside of the organization.

38. On November 1, 2021, Paul Oberdorfer, City Manager, and Bogan notified Schelle that Schelle's position was being eliminated by Piqua.

39. According to Piqua, the elimination decision was made in May 2021.

40. Yet, Schelle's position was included in the budget drafted in June 2021.

41. Moreover, Schelle's employment was listed on the Schedule A provided to Piqua Commission in July 2021.

42. Schelle's position was also included in the budget for 2022 drafted in approximately August 2021.

43. During his employment with City of Piqua, Schelle made a protected complaint regarding illegal behavior by the City of Piqua.

44. On December 31, 2021, the City of Piqua unlawfully terminated Schelle's employment.

45. The City of Piqua did not have an overriding justification for Schelle's dismissal.

46. Alternatively, the City of Piqua's cited reason for Schelle's termination was pretextual.

47. Schelle was terminated in retaliation for his opposition to discrimination in the workplace.

48. There was a causal connection between Schelle's complaint and Defendants' adverse actions taken against Schelle.

49. Defendants' purported reason for Schelle's termination is pretext for retaliation for opposition to discrimination.

50. As a result of being retaliated against during his employment with the City of Piqua, and being terminated from the City of Piqua, Schelle has had and continues to accrue damages based thereupon.

51. As a direct and proximate result of Defendants' conduct, Schelle suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT I: RETALIATORY DISCRIMINATION

52. Schelle restates each and every prior paragraph of this complaint, as if it were fully restated herein.

53. As a result of the Defendants' discriminatory conduct described above, Schelle complained about the discrimination he observed.

54. Subsequent to Schelle's reporting of discrimination to his employer, Schelle's employment was terminated.

55. Defendants' actions were retaliatory in nature based on Schelle's opposition to the unlawful discriminatory conduct.

56. Pursuant to R.C. §4112.02(I) and Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

57. Schelle suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to the Title VII and R.C. § 4112.01 *et seq*.

58. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Schelle, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Schelle demands from Defendants the following:

a) Issue a permanent injunction:
   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;
   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge Schelle' personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Schelle for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Schelle' claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Matthew G. Bruce*
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
    Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
*Attorneys for Plaintiff Sky Schelle*

## JURY DEMAND

Plaintiff Sky Schelle demands a trial by jury by the maximum number of jurors permitted.

*/s/ Matthew G. Bruce*
Matthew G. Bruce (0083769)

8