IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SKY SCHELLE :

    Plaintiff,

v. : Case No. 3:23-cv-116

CITY OF PIQUA, et al., JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY SUSTAINING DEFENDANT CITY OF PIQUA, ET AL.'S MOTION FOR SUMMARY JUDGMENT (DOC. #27); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter comes before this Court on the Motion for Summary Judgment filed by Defendants City of Piqua ("The city"), Kevin Krenjy ("Krenjy"), and Paul Oberdorfer ("Oberdorfer") (collectively "Defendants"). Doc. #27. Plaintiff Sky Schelle ("Plaintiff") filed a Memorandum in Opposition, Doc. #34, and Defendants filed a Reply in Support of their motion. Doc. #38. For the reasons set forth below, Defendants City of Piqua, et al.'s Motion for Summary Judgment is SUSTAINED.

**I.    Procedural Background**

Plaintiff's First Amended Complaint alleged claims against his previous employer, City of Piqua, the city utility director, Kevin Krenjy, and the city manager, Paul Oberdorfer. Doc. #22, PageID #124–25. Plaintiff alleged claims of retaliatory

discrimination in violation of Ohio Revised Code § 4112.02(I) and Title VII of the Civil rights Act of 1964, codified at 42 U.S.C. § 2000e-3(a) (Count One) and unlawful aiding, abetting, and inciting of discrimination in violation of Ohio Revised Code § 4112.02(J) (Count Two). *Id.* at PageID 127–28. Defendants filed an answer denying the claims, Doc. # 23, and the parties engaged in discovery. At the end of the discovery period, Defendants filed the present motion. Doc. #27.

## II.  Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; see also *Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary

2

judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id*. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a

3

court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, a court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III. Factual Background

From February 2017 to December 31, 2021, Plaintiff worked as the Storm Water Program Manager for the City of Piqua. Doc. #22, PageID #125. During this time, he displayed a history of good performance and experienced no significant disciplinary record. *Id.*

On September 29, 2021, Plaintiff attended a budget meeting with Krenjy and three other city employees. *Id.* During the meeting, Krenjy made certain comments which led Plaintiff to file a report with the human resources manager, Kathryn Bogan. *Id.* Following the report, an investigation was opened into the complaint which was concluded on October 5, 2021. *Id.*

During 2021, the city began working on a plan to eliminate certain positions within the city government. Doc. #27, PageID #202. As the budget process for 2022 continued through the summer and fall of 2021, certain positions to be eliminated were crossed out on budget proposals. Doc. #34, PageID 477. During

4

this time, Plaintiff's name continued to appear in the proposals and was not crossed out. *Id.* On November 1, 2021, Plaintiff was notified that his position was being eliminated by the city. *Id.* at PageID #126. Plaintiff was informed that the city had made the decision to eliminate his position in May 2021, but observed that the position continued to appear in budget drafts in both June 2021 and August 2021. *Id.*

## IV. Analysis

### A. Retaliatory Discrimination

To analyze a claim brought under Title VII, courts employ the *McDonnell Douglas* burden-shifting framework. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff is first required to establish a prima facie case, showing that "(1) he... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Niswander v. Cincinnati Ins.*, 529 F.3d 714, 720 (6th Cir. 2008). Claims of Retaliatory discrimination brought under Ohio Revised Code § 4112.02(I) require the same four elements. *Greer-Burger v. Temesi*, 879 N.E.2d 174 (Ohio 2007).

Once an employee establishes a prima facie case, the burden shifts to the employer to articulate a "legitimate, nondiscriminatory reason for its actions." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 544 (6th Cir. 2008). If the employee meets that burden, the burden shifts once again and the employee must show that the legitimate reason offered by the employer was "pretext designed to mask retaliation." *Id.*

Claims made under Ohio Revised Code § 4112.02(I) apply the same *McDonnell Douglas* framework and therefore may be analyzed together with any federal claims. *In re Brantley*, 518 N.E.2d 602 (Ohio Ct. App. 1987); *Baker v. Buschman Co.*, 713 N.E. 2d 487, 491 (Ohio Ct. App. 1998).

### 1. The Prima Facie Case

Plaintiff holds the initial burden to show a prima facie case of discriminatory retaliation. In order to make the showing, he must show all four elements outlined in *Niswander*: "(1) he... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." 529 F.3d at 720.

#### a. Engagement in Protected Activity

There is no dispute over the nature of the activity which Plaintiff engaged in. Both parties agree that Plaintiff made a complaint to the city human resources

6

manager concerning statements made by Krenjy in a meeting on September 29, 2021. Where the parties diverge, however, is in considering whether this complaint constitutes protected activity, such that it is protected by law.

Courts recognize that activity protected from retaliation by Title VII includes two broad categories: (1) opposition activity, which protects an employee who reasonably believes that they are opposing an unlawful employment practice; and (2) participation activity, which protects an employee who participates in enforcement proceedings under Title VII. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578–79 (6th Cir. 2000). Here, any potential qualifying activity could only have been opposition activity as no enforcement proceedings were ever undertaken by the Equal Employment Opportunity Commission or any other enforcement agency.

The Sixth Circuit has held that protected opposition activity must be "based on a reasonable and good faith belief that the opposed practices were unlawful." *Id.* at 579 (internation quotation omitted). Therefore, protected opposition can be found "whether or not the challenged practice ultimately is found to be unlawful." *Id.* The "reasonable and good faith belief" consists of both an objective and subjective component. *Yazdian v. ConMed Endoscopic Technologies, Inc.*, 793 F.3d 634, 646 (6th Cir. 2015). In other words, the employee must actually believe that the employer's conduct constituted a violation of law and a reasonable person in the same circumstances would believe the same. *Id.*

7

Plaintiff argues that he meets both the objective and subjective requirements. In support of his position, Plaintiff states that he was particularly concerned about the sexually discriminatory comments because the comments were made about a junior employee by senior employees and ran the risk of creating a hostile work environment. Doc. #34, PageID #482. Plaintiff also notes that the target of the comments, Kenton Kiser, thanked him for reporting the incident once he learned of it. *Id.* Kiser's supervisor also thanked Plaintiff for coming forward. *Id.*

Defendants argue that the comments made by Krenjy are, as a matter of law, insufficient to justify either Plaintiff or a reasonable person in believing that the conduct was a violation of law. Doc. #27, PageID ##207–10. In support of their position, Defendants cite two cases: *Laughlin* and *Clark County*. *Id. Laughlin* was decided by our sister court in the Northern District of Ohio and affirmed on appeal at the Sixth Circuit. *Laughlin v. City of Clevelend*, 102 F. Supp. 3d 944 (N.D. Ohio 2015), *aff'd,* 633 F. App'x 312 (6th Cir. 2015). In *Laughlin*, the plaintiff brought a retaliatory discrimination suit based on allegations that he was terminated as a result of reporting sexually demeaning comments made by a superior about non-employees. 102 F. Supp. 3d at 946–48. The court found that although the comments were inappropriate and offensive, they did not rise to the point that a reasonable person would have found it more difficult to do the plaintiff's job. *Id.* at 950.

8

The Supreme Court examined a similar issue in *Clark Cnty. Sch. Dist. v. Breeden*. 532 U.S. 268 (2001). *Clark County* involved a complaint by an employee about a supervisor's comment made while reviewing internal applicants. *Id.* at 269. The Court reiterated that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to changes in the terms and conditions of employment" such that a reasonable person could believe that a violation of Title VII occurred. *Id.* at 271 (internation quotation omitted).

Title VII was not and is not intended to act as a general civility code for the American workplace. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). While Krenjy's comment during the September 29, 2021, meeting may have been inappropriate and offensive, it remains only a single isolated incident as far as the record shows. Moreover, this isolated comment does not rise to the level of an extremely serious incident which could justify a reasonable person in believing that a hostile work environment would result. As a result, Plaintiff fails to demonstrate that an issue of material fact remains as to this element and this Court finds that the Employee did not engage in protected activity.

Having found that the first element is not met, this Court need not rule on the remaining elements. Plaintiff has failed to meet their burden of showing a prima facie case on Count One and, therefore, summary judgment in favor of Defendant is justified.

### B.     Unlawful Aiding, Abetting, and Inciting of Discrimination

Plaintiff's second count alleges that Krenjy and Oberdorfer "aided, abetted, incited, coerced, and/or compelled Piqua's discriminatory adverse employment actions against Schelle" in violation of Ohio Revised Code § 4112.02(J). Doc. #22, PageID #128. Only a few courts have ventured to determine what elements a Plaintiff must show to make out a claim under this subsection, but the courts that have examined the issue require a showing that the employee was "involved in or actually... made the [employer's] decision to [discriminate or] retaliate against [the plaintiff]." *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1088 (S.D. Ohio 2022).

Defendants argue that any claim of aiding or abetting the retaliation must inherently depend on a finding of retaliation in the first place. Doc. #27, PageID #219. Plaintiff does not seem to oppose that statement, arguing only that "Defendants are not entitled to summary judgment on [the retaliation] claims, and, as a result, their argument in favor of summary judgment on [the aiding and abetting claim] likewise fails." Doc. #34, PageID #483.

This Court agrees that any claim of aiding and abetting retaliation must depends on a finding that retaliation indeed occurred. Because, as explained above, Plaintiffs failed to make out a prima facie case of retaliation, there can therefore be no claim for aiding and abetting that retaliation. This Court finds that there is no

10

genuine issue of material fact regarding Plaintiff's unlawful aiding and abetting claim and that summary judgment on Count Two is justified in favor of Defendants.

## V. Conclusion

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants City of Piqua, Kevin Krenjy, and Paul Oberdorfer, Doc. #27, is SUSTAINED.

Judgment is to be entered in favor of Defendants and against Plaintiff.

The above captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 8, 2024     *Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE